# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUBELIO GILBERTO RAMIREZ ROJAS,<br><br>Petitioner,<br><br>-vs-<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)  NO. CIV-25-1236-HE<br>)<br>)<br>)<br>) |

## ORDER

Petitioner Rubelio Gilberto Ramirez Rojas, a Guatemala citizen, was arrested by United States Immigration and Customs Enforcement (ICE) officers during a traffic stop on September 4, 2025.[1]  At the time of his arrest, he had resided in the United States for almost two decades and was living in Oklahoma City.  He is married and has three children who are United States citizens.

After determining petitioner did not have lawful immigration status, the ICE officers took him into custody.  That same day, a notice to appear was issued, charging that petitioner, as an alien present in the United States who has not been admitted or paroled, was subject to removal from the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).  Shortly thereafter, petitioner requested a bond hearing.  In an order dated October 6, 2025, an immigration judge determined she lacked jurisdiction over the request citing the Board of Immigration Appeals' decision, Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA

---

[1] *Petitioner was a passenger in the vehicle.*

2025). Petitioner remains detained at the Cimarron Correctional Facility in Cushing, Oklahoma.

On October 17, 2025, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming violations of the Immigration and Nationality Act and the Fifth Amendment due process clause. Petitioner requested release from custody, or alternatively, a bond hearing pursuant to 8 U.S.C. § 1226(a). The habeas petition was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). As ordered, respondents filed a response to the petition, and petitioner filed a reply. On December 3, 2025, Judge Mitchell issued a Report and Recommendation, recommending the court grant the habeas petition in part. Specifically, she recommended that the court order respondents to bring petitioner before an immigration judge for a bond hearing under § 1226(a) within seven business days or otherwise release petitioner if he has not received a lawful bond hearing within that period. She further recommended that the court order respondents to certify compliance by filing a status report within ten business days of the court's order.

Respondents have timely objected to the Report and Recommendation. They object to Judge Mitchell's recommendation that 8 U.S.C. § 1252(g) does not bar the court of jurisdiction to consider the habeas petition and that 8 U.S.C. § 1226(a) governs petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A).

Pursuant to 28 U.S.C. § 636(b), the court has conducted a de novo review of the matter. Having done so, the court concurs with the recommended ruling. The court agrees that the habeas petition does not fall within the narrow jurisdictional bar of § 1252(g).

Other courts in this district addressing the issue have made the same determination. *See* Valdez v. Holt, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); Colin v. Holt, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025); and Escarcega v. Olson, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025). Respondents' arguments to the contrary are unpersuasive.

The court also agrees that § 1226(a), not § 1225(b)(2)(A), governs petitioner's detention. Although the issue involves some close questions of statutory interpretation, the court joins those courts in this district which have rejected respondents' reading of § 1225. *Id*.[2] That reading was also rejected by the Seventh Circuit, the only court of appeals to have addressed the issue to date. *See* Castañon-Nava v. U.S. Department of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025). Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing, as recommended by Judge Mitchell.[3]

Accordingly, the Report and Recommendation [Doc. #10] is **ADOPTED**. The petition for writ of habeas corpus [Doc. #1] is **GRANTED** in **part**. Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond

---

[2] *But see*, Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026); Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025) (examining § 1225 and § 1226 and concluding petitioner properly detained under 8 U.S.C. § 1225(b)(2)(B)).

[3] *In light of the court's ruling, the court agrees with Judge Mitchell that it need not address the merits of petitioner's due process claim.*

3

hearing within that period.  Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

**IT IS SO ORDERED**.

Dated this 13th day of January, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE